The State, ex rel. Cartmell, Appellant and Cross-Appellee, *v.*
Dorrian et al., Appellees and Cross-Appellants.

(No. 81-1422—Decided June 9, 1982.)

Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. James E. Melle, Mr. Robert J. Walter and Mr. Mark R. Scherer, for appellant and cross-appellee.

Mr. Michael Miller, prosecuting attorney, and Mr. Dale Williams, Jr., for appellees and cross-appellants.

Per Curiam. The syllabus to State, ex rel. Shine, v. Garofolo (1982), 69 Ohio St. 2d 253, provides:

"An employee in the classified civil service who alleges she has been removed from her employment has a plain and adequate remedy in the ordinary course of the law by way of appeal to the State Personnel Board of Review under R. C. 124.34, even though her employer fails to file an order of removal with the board of review."

The Shine case implicitly overruled prior decisions[1] of this court which held that the filing of an order of removal of a classified civil service employee is a jurisdictional prerequisite to a right of appeal before the State Personnel Board of Review.

Under the authority of Shine it is clear that at the time of the de facto termination of his employment, appellant had an adequate remedy at law by way of appeal to the State Personnel Board of Review to raise the issues of the justness of his discharge and his entitlement to accrued vacation pay. This remedy was available despite the county's failure to file an

---

[1] State, ex rel. Brittain, v. Bd. of Agriculture (1917), 95 Ohio St. 276; State, ex rel. Bay, v. Witter (1924), 110 Ohio St. 216; State, ex rel. Alford, v. Willoughby (1979), 58 Ohio St. 2d 221.

order of removal. That being the case, the Court of Appeals improperly granted relief by way of mandamus.[2]

The *Shine* opinion, at page 256, contains the following comment: "We conclude that the administrative rules establishing a 30-day period within which civil service employees may appeal job actions by employers who fail to file removal orders fall within the authority granted the board of review." It should be noted that the validity of Ohio Adm. Code 124-5-02 and 124-1-03[3] was not before this court in the *Shine* case. Rather, as is evident from the syllabus, *Shine* held only that the State Personnel Board of Review has jurisdiction to entertain an employee's appeal of an alleged removal despite the failure of the appointing authority to file a R. C. 124.34 order of removal. This court did not have before it any issues as to whether the board of review lawfully dismissed Shine's appeal at the board level—proceedings independent of Shine's mandamus action—due to her failure to comply with the 30-day rule of Ohio Adm. Code 124-1-03(D). Although *Shine* opines that the *adoption* of that rule was "within the authority granted the board," this court has at no time expressed an opinion as to whether the rule is unreasonable, arbitrary or discriminatory in its actual operation. See 2 Ohio Jurisprudence 3d 240, Administrative Law, Section 74. Nor are those issues ripe for adjudication by this court in the instant cause.

Because appellant had an adequate remedy at law, the Court of Appeals erred in granting a writ of mandamus and its judgment is hereby reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

LOCHER, J., concurs in the judgment.

---

[2] "The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law." R. C. 2731.05.

[3] Ohio Adm. Code 124-5-02 provides:

"If a reduction, removal or suspension is alleged and no 'Section 124.34' order has been filed with the state personnel board of review, the affected employee shall prove, by a preponderance, that the reduction, removal or suspension has occurred."

Ohio Adm. Code 124-1-03(D) provides:

"If an appointing authority fails to file an order or provide an employee with written notice, the affected employee shall file an appeal within thirty calendar days of the time he has actual notice of the action."