THE STATE, EX REL. CARTMELL, APPELLANT, *v.* DORRIAN,
CTY. COMMR., ET AL., APPELLEES.

[Cite as State, ex rel. Cartmell, *v.* Dorrian (1984), 11 Ohio St. 3d 177.]

(No. 83-666—Decided June 20, 1984.)

Messrs. *Lucas, Prendergast, Albright, Gibson, Newman & Gee,* Mr. *James E. Melle* and Mr. *Robert J. Walter,* for appellant.

Mr. *Michael Miller,* prosecuting attorney, and Mr. *Dale Williams, Jr.,* for appellees.

*Per Curiam.* R.C. 2731.01 states in pertinent part: "Mandamus is a writ, issued in the name of the state * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office * * *." In order for appellant to establish his right to a writ of mandamus he must show that the law specifically enjoins appellees to reinstate him and provide him with back pay. He must also show that he has no adequate remedy in the ordinary course of the law. R.C. 2731.05.

In *State, ex rel. Cartmell,* v. *Dorrian* (1982), 70 Ohio St. 2d 128, 129-130 [24 O.O.3d 236], this court determined, as between the identical parties involved herein, that "appellant had an adequate remedy at law by way of appeal to the State Personnel Board of Review * * * despite the county's failure to file an order of removal." Although appellant acknowledges this determination, he insists that he no longer has an adequate remedy at law because the time for an appeal on the issue of wrongful discharge expired long ago, and the scope of the order from which he has taken appeal to the court of common pleas does not encompass review of the merits of his discharge.

The fact that appellant failed to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it.

More importantly, the issues of reinstatement and back pay in *State, ex rel. Cartmell,* v. *Dorrian, supra,* were found to be inappropriate for determination in an action in mandamus. A final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and, as to them, constitutes an absolute bar to a subsequent action involving the same cause of action. *State, ex rel. Ohio Water Service Co.,* v. *Mahoning Valley Sanitary Dist.* (1959), 169 Ohio St. 31 [8 O.O.2d 1].

Appellant argues that the portion of the Board's order which states, "* * * we ORDER Appellee's Motion to Withdraw * * * be GRANTED, and * * * that Appellant's motion to disaffirm be DENIED *with the understanding Appellee will make Appellant whole for the period between issuance and rescission* * * *" (emphasis added), gives him a legal right to receive, and places appellees under a legal duty to remit, back pay. As noted by the court of appeals, however, an "understanding" of the State Personnel Board of Review does not rise to the level of a clear legal duty or create a clear legal

right. A writ of mandamus is an extraordinary remedy, and should not be granted where the law is not clear. *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550. Moreover, the board's understanding was limited to the period between "issuance and rescission," and therefore falls short of addressing the issue of back pay completely.

Appellant's argument that he is entitled to reinstatement, back pay, and interest thereon depends on a determination that appellant was wrongfully excluded from his employment with the county. No such determination has ever been made inasmuch as appellant failed to appeal his dismissal to the proper authority within time.

It is well-settled that in order to obtain a writ of mandamus a relator must show that he has a clear legal right to the relief requested, that respondent has a clear legal duty to perform the requested act, and that there is no adequate remedy at law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus. The court of appeals correctly determined that appellant had failed to demonstrate the existence of a clear legal right or clear legal duty. For that portion of the controversy which remains justiciable, appellant has an adequate remedy at law by way of appeal pursuant to R.C. 2506.01. For that portion of the controversy which is no longer justiciable, appellant had an administrative remedy by way of appeal to the State Personnel Board of Review and failed to pursue it. The decision of the court of appeals denying the writ is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.