THE STATE, EX REL. LANFRANCHI, APPELLANT, *v.* SUMMIT COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLEE.

(No. 13222—Decided
March 9, 1988.)

*Ronald G. Macala, Janice K. Henderson* and *Randall Vehar,* for appellant.

*John Holcomb,* for appellee.

MAHONEY, J.    Judy LanFranchi ("LanFranchi") appeals from an order of the trial court dismissing her petition for a writ of mandamus. We reverse and remand.

### Facts

The facts giving rise to this controversy have previously been discussed by this court in *State, ex rel. LanFranchi,* v. *Summit Cty. Bd. of Mental Retardation & Developmental Disabilities* (May 8, 1985), Summit App. No. 11947, unreported. Briefly, LanFranchi is employed by the Summit County Board of Retardation and Developmental Disabilities ("board of retardation") as a school intake evaluator. In 1980, LanFranchi requested that the board of retardation recognize her status as a full-time employee and grant her paid vacation and holidays. The board of retardation implicitly denied this request and LanFranchi appealed to the State Personnel Board of Review ("board of review").

The board of review disaffirmed the board of retardation's action and found LanFranchi to be a full-time employee. The board of retardation refused to reclassify LanFranchi, resulting in LanFranchi's petition for mandamus now in controversy.[1] Following this court's previous remand, *LanFranchi, supra,* the trial court conducted a hearing and reviewed legal memoranda submitted by the parties. In an order dated May 26, 1987, the trial court held that the board of review lacked jurisdiction to hear LanFranchi's appeal and, consequently, its ruling was without legal effect. The trial court then dismissed LanFranchi's petition. This appeal followed.

### Assignments of Error

"I.    The trial court erred in implicitly holding that it had the authority and jurisdiction to examine the Board of Review's final order, as though said order had been and could be appealed by the Summit County Board.

"II.    The trial court erred in dismissing relator's appeal to the Board of Review and in failing to issue a peremptory writ of mandamus.

"III.    The trial court's order dismissing the complaint [is] against the manifest weight of the evidence.

"IV.    The trial court's implicit and/or explicit finding that relator had

---

[1] The board of retardation attempted to appeal the board of review's decision to the Summit County Court of Common Pleas. However, the court found that it lacked jurisdiction to hear the matter pursuant to R.C. 124.03.

not timely appealed her reduction in pay [is] against the manifest weight of the evidence.

"V. The trial court erred in considering subsequent, unrelated decisions by the board of review in dismissing relator's complaint."

It is well-settled that in order for a writ of mandamus to issue, the relator must demonstrate that it "has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Bassman,* v. *Earhart* (1985), 18 Ohio St. 3d 182, 183, 18 OBR 250, 251, 480 N.E. 2d 761, 762.

In the case *sub judice,* the trial court held that the board of retardation was under no clear legal duty to abide by the terms of the board of review's order. This holding was based upon the trial court's erroneous determination that LanFranchi failed to file her action with the board of review in a timely fashion.

The time limits for filing appeals to the board of review are set forth in Ohio Adm. Code 124-1-03.[2] At the time that LanFranchi filed her appeal, this section provided:

"124-1-03 Time limits for filing appeals.

"(A) Except as set forth below, appeals from 'section 124.34 orders' shall be filed, in writing, not more than ten calendar days after the filing of an order with the state personnel board of review. If a 'section 124.34 order' is received by an employee after it is filed with the state personnel board of review, the time for filing an appeal begins to run from the date of receipt by the affected employee, not from the

date of filing with the state personnel board of review.

"(B) Appeals from layoffs, job abolishments and transfers shall be filed, in writing, not more than ten calendar days after the effective date of the action.

"(C) Appeals of all other actions shall be filed with the state personnel board of review not more than thirty calendar days after receipt, by the affected party, of written notification of the action.

"(D) If an appointing authority fails to file an order or provide an employee with written notice, the affected employee shall file an appeal within thirty calendar days of the time he has actual notice of the action."

The propriety of the administrative law judge's finding that LanFranchi filed her appeal in a timely fashion will turn upon the type of appeal that LanFranchi was prosecuting. The administrative law judge determined that LanFranchi's appeal was governed by Ohio Adm. Code 124-1-03(C). We agree.

LanFranchi contends that she suffered a "reduction in pay" due to the board of retardation's failure to consider her a "full-time employee" as defined in R.C. 325.19(G)(1). Such employees are entitled to paid vacations and holidays pursuant to R.C. 325.19(A). Although LanFranchi appears to agree that she was not entitled to such benefits at the time that she was hired, she contends that she became entitled to such when the Ohio Legislature amended the definition of "full-time employee" contained in R.C. 325.19(G)(1), effective May 13, 1980.

LanFranchi's alleged "reduction in pay" did not result from any disci-

---

[2] While R.C. 124.34 pertains to appeals from reductions in pay, it does not provide for a procedure where the appointing authority fails to file an order with the board of review. Therefore, we must look to the administrative code.

plinary proceeding pursuant to R.C. 124.34. Consequently, Ohio Adm. Code 124-1-03(A) is inapplicable to LanFranchi's appeal. Since there is no indication that LanFranchi had actual notice of the board of retardation's denial of her request prior to receiving her written notice, Ohio Adm. Code 124-1-03 (D) is inapplicable. The board of retardation never filed any "order" with the board of review so as to "trigger" Lan-Franchi's right of appeal. Therefore, the "catch-all" provision of Ohio Adm. Code 124-1-03(C) contained the time limitation applicable to LanFranchi's appeal. Thus, LanFranchi was required to file her appeal to the board of review within thirty calendar days after she received written notification of the board of retardation's rejection of her request for paid vacations and holidays.

In his report and recommendation to the board of review, Administrative Law Judge John S. Jones addressed this precise issue and stated:

"The appellee contends that the appellant's appeal was not timely filed since it was not within thirty (30) days of any action by the appointing authority reducing her in pay. I agree. As of October 24, 1980, the appellant had not requested or been denied vacation leave nor had the appointing authority taken any particular action which could have put the appellant on notice that she would receive a reduction in pay.

"However, the appellant did ask, in September, 1980, that she be considered a full-time employee. In November, 1980, the superintendent of the appointing authority implicitly denied the appellant's request. Thus, as of November, 1980, there was some particular action by the appointing authority through its designee that could have triggered the appellant's right of appeal.

"Even though the appellant's appeal in October, 1980, was premature, I find that such appeal became ripe pending the disposition of her appeal. It would work an injustice on the appellant to dismiss her appeal at this time since more than thirty (30) days have passed following the superintendent's letter to the appellant implicitly denying her full-time status, and she would not now be able to timely file an appeal.

"Therefore, the appellee's motion to dismiss for untimely filing is denied."

We agree with the reasoning of the administrative law judge in this regard. Nothing in either the Ohio Administrative Code or the Ohio Revised Code deprives the board of review of jurisdiction to hear an appeal which has been prematurely filed. LanFranchi's appeal clearly ripened during the pendency of the appeal. It is also noteworthy that the current version of the Ohio Administrative Code would appear to permit such an appeal. See Ohio Adm. Code 124-1-03(E).

The board of retardation contends that the board of review lacked jurisdiction based on two subsequent decisions of the board of review. In *Hoskie v. Summit Cty. Bd. of Mental Retardation* (Apr. 19, 1982), Bd. of Review No. 81-RED-06-1061, and *Valenti-Casp v. Summit Cty. Bd. of Retardation* (Mar. 2, 1982), Bd. of Review No. 81-RED-12-1974, the board of review determined that it lacked jurisdiction to hear appeals by employees of the board of retardation that appear to have been quite similar to LanFranchi's appeal. However, we find that neither of these administrative decisions supports the order of the trial court in the case *sub judice*.

In *Hoskie*, the board of review clearly held that the appellants had not complied with the time limitation contained in Ohio Adm. Code 124-1-03(D). LanFranchi's appeal was governed by

Ohio Adm. Code 124-1-03(C). In *Valenti-Casp,* the board of review determined that the aggrieved employees had suffered no "reduction in pay" under R.C. 124.34 and, consequently, the board of review had no jurisdiction to grant the relief requested. We recognize that the board of review's decision in *Valenti-Casp* appears, at least superficially, to be directly in conflict with its decision in the case *sub judice.* However, nothing in *Valenti-Casp* supports the trial court's finding that LanFranchi's appeal to the board of review was not timely filed.

There exists one additional distinction between the administrative law judge's factual findings in the case *sub judice* and the facts indicated in the *Hoskie* and *Valenti-Casp* decisions. In the case *sub judice,* the administrative law judge found that the board of retardation listed LanFranchi as a "full-time employee" in a "Position Description" submitted to the Department of Administrative Services in 1976. There is no indication that the board of retardation ever considered any of the employees involved in *Hoskie* or *Valenti-Casp* as "full-time" employees.

We hold that LanFranchi is entitled to a determination upon the merits of her mandamus petition and hereby remand this matter to the trial court for that purpose. On remand, the trial court may determine, *inter alia,* whether the board of review abused its discretion in finding that LanFranchi was a "full-time" employee pursuant to R.C. 325.19(G)(1). See *Northern Ohio Patrolmen's Benevolent Assn.* v. *Wayne Cty. Sheriff's Dept.* (1986), 27 Ohio App. 3d 175, 27 OBR 213, 500 N.E. 2d 404; *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, 8 O.O. 3d 217, 375 N.E. 2d 1233. In so doing, the trial court must examine the particular facts present in LanFranchi's cause. *State, ex rel. Bossa,* v. *Giles* (1980), 64 Ohio St. 2d 273, 18 O.O. 3d 461, 415 N.E. 2d 256.

Summary

Insofar as they address whether the trial court erred in holding that LanFranchi did not file her appeal with the board of review in a timely fashion, LanFranchi's assignments of error are sustained. The order of the trial court dismissing LanFranchi's petition is hereby vacated and this matter is remanded for proceedings consistent with this opinion.

*Judgment vacated and cause remanded.*

QUILLIN, P.J., and GEORGE, J., concur.