OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Ronald Trenell Davenport, filed August 5, 2005. Davenport was found guilty by a jury on November 26, 1997 on three counts of rape, all felonies of the first degree. Thereafter, Davenport was sentenced to nine years on each count, counts two and three to be served concurrently with one another and consecutive to count one, for a total of 18 years. On November 26, 2004, Davenport sought to have a "Writ of Mandamus" issued to Montgomery County Common Pleas Court Judge Mary K. Huffman, the Montgomery County Prosecutor's Office, and the Attorney General of Ohio's Office. On December 22, 2004, Montgomery County filed a Motion to Dismiss, and on January 10, 2005, the Ohio Attorney General also filed a Motion to Dismiss. On July 6, 2005, the trial court sustained both Motions to Dismiss.
 {¶ 2} Davenport's sole assignment of error is as follows:
 {¶ 3} "TRIAL COURT AND/OR RESPONDENT WRONGFULLY DISMISSED MY COMPLAINT FOR WRIT OF MANDAMUS."
 {¶ 4} A writ of mandamus is an extraordinary remedy and only applies in a limited set of circumstances. "Three requirements must be met to establish a right to a writ of mandamus: that [petitioner] have a clear legal right to the relief prayed for, that respondent have a clear legal duty to perform the acts, and that [petitioner] have no plain and adequate remedy in the ordinary course of law." State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234. "When an appellate court reviews a denial of a writ of mandamus, the standard of review employed is abuse of discretion. (Internal citations omitted). `This standard requires more than a determination by the reviewing court that there was an error of judgment, but rather that the trial court acted unreasonably, arbitrarily, or unconscionably.' `A writ may issue to compel performance of a ministerial act, to compel the exercise of discretion, or to correct a gross abuse of discretion.'" Trumanv. Village of Clay Center, 160 Ohio App.3d 78, 83,825 N.E.2d 1182, 2005-Ohio-1385. "Mandamus is not a substitute for an unsuccessful appeal." State ex rel. Marshall v. Glavas (2003),98 Ohio St.3d 297, 784 N.E.2d 97, 2003-Ohio-857. Further, "the fact that [an] appellant fail[s] to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired."State ex rel. Cartmell v. Dorrain (1984), 11 Ohio St.3d 177,464 N.E.2d 556.
 {¶ 5} The trial court correctly determined that Davenport failed to state a claim against the Ohio Attorney General, whose office was not involved in Davenport's prosecution. In his "Writ of Mandamus" Davenport claimed that he was denied a fair trial due to ineffective assistance of counsel, bias on the part of the investigating officer and the state's witnesses, and false evidence. The trial court noted that Davenport previously appealed his conviction, alleging ineffective assistance of counsel and error in the trial court's imposition of consecutive sentences on the three counts of rape. On January 8, 1999, we overruled his assignment of error alleging ineffective assistance of counsel and remanded the matter for resentencing. The trial court's subsequent sentence was identical to its initial one, and we affirmed that sentence on September 30, 1999. Since Davenport had (and exercised) an adequate remedy at law via the appellate process for his ineffective assistance of counsel claim, the trial court correctly determined that the denial of his appeal did not entitle him to a writ of mandamus.
 {¶ 6} The trial court also correctly noted that "witness bias or perjury are either matters for appeal or post-conviction relief." In addition to his direct appeals, Davenport filed three Motions to Vacate and/or Set Aside Sentence Imposed. The record is devoid of any decision on the first Motion, and the second and third Motions were overruled as untimely. We agree with the trial court that the fact that Davenport did not properly utilize his adequate legal remedies of appeal and post-conviction relief does not entitle him to a writ of mandamus. There being no abuse of discretion, Davenport's sole assignment of error is overruled. Judgment affirmed.
Brogan, J. and Wolff, J., concur.