OPINION
{¶ 1} Appellant, Casmir Adulewicz, appeals from a Jefferson County Common Pleas Court judgment affirming the order of appellee, the Ohio Department of Insurance, which revoked appellant's license to sell title insurance.
 {¶ 2} Appellant is a licensed attorney in Jefferson County. Until his license was revoked, he was also a licensed title insurance agent.
 {¶ 3} On February 4, 2003, appellee issued a notice of opportunity for hearing to appellant informing him that it intended to revoke his title insurance license for failure to comply with R.C. 3905.481 and Ohio Admin. Code 3901-50-1(F)(1)(c). It specifically alleged that appellant failed to complete the required ten hours of continuing education (CE).
 {¶ 4} A hearing officer held a hearing and made the following findings. While appellant did receive notice of the hearing, he did not attend. Appellant was licensed in Ohio in 2000 and 2001 as a title insurance agent. Ohio Admin. Code 3901-50-1(F)(1)(c) required appellant to have completed ten hours of approved CE that was directly related to the title insurance business during the 2000-2001 compliance period. The superintendent approved requests for extensions of the December 31, 2001 deadline until June 30, 2002, but appellant did not request an extension. Appellant did not complete any CE hours during the 2000-2001 compliance period. Appellant contended that he completed continuing legal education (CLE) hours that should be approved for insurance license CE. However, appellant submitted no evidence of any such CLE courses that he completed, the names of any Insurance Department approved providers, or the description of any of the completed CLE courses.
 {¶ 5} Based on these findings, the hearing officer recommended that the superintendent of insurance issue an order revoking appellant's license to sell insurance in Ohio.
 {¶ 6} Appellant filed objections to the hearing officer's recommendation asserting only minor objections to the manner in which his license was referred to.
 {¶ 7} The superintendent of insurance subsequently found that appellant failed to comply with the CE requirements. She therefore affirmed the hearing officer's recommendation and revoked appellant's license.
 {¶ 8} Appellant filed a notice of appeal in the trial court from the superintendent's decision. In his brief to the trial court, appellant argued that because he is an attorney, he should be exempt from completing the CE hours required of title insurance agents.
 {¶ 9} The trial court affirmed the superintendent's decision. It found appellee presented uncontroverted evidence that appellant failed to comply with the CE requirements. Appellant filed a timely notice of appeal on August 2, 2005.
 {¶ 10} Appellant raises one assignment of error, which states:
 {¶ 11} "THE LOWER COURT ERRED IN NOT FINDING THAT OHIO ADMINISTRATIVE RULE 3901-5-01(F), AS APPLIED TO APPELLANT, IS AN ABUSE OF THE DELEGATED RULE MAKING POLICE POWER BECAUSE THE RULE HAS NO BEARING ON THE HEALTH, WELFARE OR SAFETY OF THE CITIZENS OF OHIO."
 {¶ 12} Appellant argues that because he is an attorney in good standing who is current in his CLE hours he should not be required to complete the ten CE hours required of title insurance agents. Appellant asserts that the ten-hour CE requirement is not reasonably designed to accomplish a purpose falling within the scope of the state's police power and is therefore unconstitutional.
 {¶ 13} In the case of a revoked license, the licensee can appeal to the common pleas court of the county in which the place of business of the licensee is located or the county in which the licensee is a resident. R.C. 119.12. When reviewing an order of an administrative agency in a R.C. 119.12 appeal, the common pleas court is bound to affirm the agency's order, "if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12.
 {¶ 14} Once the court of common pleas has rendered judgment, the licensee may appeal further to the court of appeals. R.C.119.12. On appeal from the trial court's judgment, an appellate court's review is more limited, and is restricted to whether the trial court abused its discretion in determining that the agency's order is or is not supported by reliable, probative, and substantial evidence. Kennedy v. Marion Correctional Inst.
(1994), 69 Ohio St.3d 20, 21-22, 630 N.E.2d 324. An abuse of discretion connotes that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In addition, as opposed to an abuse of discretion standard employed for issues of fact, an appellate court conducts a de novo review on issues of law. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,587 N.E.2d 835.
 {¶ 15} R.C. 3905.481 provides for the continuing education of insurance agents. It states, in relevant part:
 {¶ 16} "(A)(1) Except as provided in division (B) of this section, each person who is issued a license as an agent on or after the effective date of this amendment shall complete in accordance with division (A)(1) of this section at least twenty hours of continuing education offered in a course or program of study approved by the superintendent of insurance in consultation with the insurance agent education advisory council. * * *.
 {¶ 17} "* * *
 {¶ 18} "(B) Division (A) of this section does not apply to any person or class of persons, as determined by the superintendent in consultation with the council." R.C.3905.481(A)(1)(B).
 {¶ 19} Pursuant to the authority delegated to it by R.C.3905.481(B), the superintendent of insurance created several exemptions to the 20-hour CE requirement. These exemptions are set out in Ohio Admin. Code 3901-5-01(F)(1), which provides in pertinent part:
 {¶ 20} "(1) The CE requirements contained in division (A) of section 3905.481 of the Revised Code do not apply to the following persons:
 {¶ 21} "* * *
 {¶ 22} "(c) Persons who meet all of the following criteria:
 {¶ 23} "(i) The person holds only a title insurance license and does not hold any other license as an insurance agent other than a limited authority license, and
 {¶ 24} "(ii) During each compliance period, the person completes at least ten hours of approved CE that is directly related to the title insurance business."
 {¶ 25} Thus, a person who holds only a title insurance license and who completes ten CE hours directly related to the title insurance business is not required to complete the full 20 CE hours. The person's ten CE hours on title insurance fulfills the continuing education requirements necessary to maintain a title insurance license.
 {¶ 26} Appellant asks this court to order appellee to amend Ohio Admin. Code 3901-5-01(F)(1)(c) to include another exemption that states:
 {¶ 27} "During each compliance period, the person completes at least ten hours of approved CE that is directly related to the Title Insurance Business. If the person is an attorney at law in good standing with the Supreme Court of Ohio and compliant with mandated CLE, then, in that event, the attorney need not complete any hours of CE to retain a Title Insurance License."
 {¶ 28} In the alternative, appellant asks this court to order appellee to reinstate his license with a CE exemption.
 {¶ 29} In this case, the trial court's judgment is clearly supported by reliable, probative evidence. Appellant failed to appear at the revocation hearing that he requested. Consequently, the only evidence presented was that by appellee. Appellee presented testimony by Lee Anne Washburn, the Ohio Department of Insurance education supervisor. Washburn oversees the education of insurance agents once they are licensed and is also the records custodian. (Tr. 1-2). She testified that appellant completed zero hours of CE for the 2000-2001 compliance period. (Tr. 2; Ex. C, E, F). She stated that he was required to complete ten hours. (Tr. 3). She also stated that appellant did comply with the 1998-99, 1996-97, and 1994-95 compliance periods. (Tr. 3; Ex. C). Finally, Washburn testified that although extensions were available to complete the required hours, appellant did not apply for an extension. (Tr. 4).
 {¶ 30} Given this uncontested evidence, the trial court did not abuse its discretion in finding that appellant failed to meet the legal requirements as a title insurance agent and affirming appellee's decision.
 {¶ 31} However, we still must consider whether the ten-hour CE requirement is unconstitutional as applied to appellant as he alleges.
 {¶ 32} Like statutes, we presume that administrative regulations are constitutional. Roosevelt Properties Co. v.Kinney (1984), 12 Ohio St.3d 7, 13, 465 N.E.2d 421. Thus, we resolve any doubts about the constitutionality of an administrative regulation in favor of a construction which upholds its validity. State v. Dorso (1983), 4 Ohio St.3d 60,61, 446 N.E.2d 449. The party challenging the validity of a regulation bears the burden of demonstrating its unconstitutionality. Mayfield-Dorsh, Inc. v. S. Euclid (1981),68 Ohio St.2d 156, 157, 429 N.E.2d 159.
 {¶ 33} As noted above, R.C. 3905.481 provides that insurance agents must complete 20 CE hours for each compliance period. It also gives the superintendent of insurance the authority to create exemptions to this requirement, which it did in Ohio Admin. Code 3901-5-01.
 {¶ 34} Appellant complains that, applied to him as an attorney, Ohio Admin. Code 3901-5-01(F)(1) is unconstitutional because it is an unlawful exercise of the state's police power.
 {¶ 35} An exercise of the state's police power is valid if it bears a real and substantial relation to the public health, safety, morals, or general welfare of the public and if it is not unreasonable or arbitrary. Benjamin v. City of Columbus (1957),167 Ohio St. 103, 146 N.E.2d 854, at paragraph five of the syllabus. Ohio Admin. Code 3901-5-01(F) meets this test.
 {¶ 36} "It has long been well settled in the jurisprudence of Ohio as well as of other states that the General Assembly has the right to reasonably regulate business and occupations and those desiring to follow the same * * *." Nesmith v. State (1920),101 Ohio St. 158, 159, 128 N.E. 57. Thus, the state has the authority to reasonably regulate certain professions. The requirement that insurance agents keep current in their profession bears a real and substantial relation to maintaining the public's general welfare. The state has an interest in protecting the public when it comes to their homes, land, automobiles, lives, and other things they insure. By requiring insurance agents to keep up to date on changes in their industry through continuing education, the state protects the general welfare of the public.
 {¶ 37} Furthermore, it is not unreasonable or arbitrary to require title insurance agents to complete ten CE hours every two years. Ten hours of an agent's time over the course of a two-year period is certainly not unreasonable. Nor is it arbitrary since the CE hours are directly related to the business in which the agent is involved.
 {¶ 38} The burden was on appellant to demonstrate that Ohio Admin. Code 3901-5-01(F) is unconstitutional. He had the opportunity at a hearing to present evidence as to why the rule is unconstitutional as applied to him. He never appeared. The hearing was appellant's chance to make a factual record of why the superintendent should not have applied the rule to him. He could have presented evidence as to CLE's that he attended that were applicable to title insurance agents and evidence that he is an attorney in good standing. However, appellant chose not to appear and, therefore, presented no evidence whatsoever. Thus, appellant cannot meet his burden in this case. Therefore, appellant's assignment of error is without merit.
 {¶ 39} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.