[Cite as *Malagisi v. Mahoning Cty. Commrs.*, 2011-Ohio-1464.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICHARD MALAGISI | ) | CASE NO. 09 MA 150 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BOARD OF MAHONING COUNTY | ) | |
| COMMISSIONERS | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 06 CV 1477

JUDGMENT:       Affirmed.

APPEARANCES:

For Plaintiff-Appellant:       Atty. John B. Juhasz
7081 West Boulevard, Suite 4
Youngstown, Ohio 44512

For Defendant-Appellee:       Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Gina DeGenova Bricker
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 22, 2011

WAITE, P.J.

**{1}** Appellant Richard Malagisi appeals the lower court's decision affirming the State Personnel Board of Review's ("SPBR") dismissal of his administrative appeal. The administrative appeal, contesting the termination of his employment by Appellee, Board of Mahoning County Commissioners ("Board"), was dismissed by the SPBR for its lack of timely filing pursuant to Ohio Adm.Code 124-1-03(I).

**{2}** Appellant argues that the application of the thirty-day period for filing an appeal, as set forth in Ohio Adm.Code 124-1-03(I), was incorrect. Appellant asserts that he was a classified employee, and as such, could not be terminated without first being served with a "removal order" pursuant to R.C. 124.34. Though Ohio Adm.Code 124-1-03(A) provides only a ten-day period for filing an appeal after delivery of a removal order, Appellant argues that the limitations period does not begin to run until the issuance of the R.C. 124.34 removal order. The parties agree that Appellant did not receive a R.C. 124.34 removal order.

**{3}** Appellant argues that since no R.C. 124.34 removal order was issued, the limitations period of Ohio Adm.Code 124-1-03(A) has not yet begun to run. Appellant thus contends that the SPBR should have been unable to dismiss his appeal. The SPBR, however, applied the thirty-day limitations period of Ohio Adm.Code 124-1-03(I), and dismissed Appellant's appeal on that basis. While Ohio Adm.Code 124-1-03(A) requires a R.C. 124.34 removal order, Ohio Adm.Code 124-1-03(I) does not. The parties' arguments center on the SPBR's decision to apply the thirty-day limit in Ohio Adm.Code 124-1-03(I) instead of the appeal procedure found in Ohio Adm.Code 124-1-03(A).

**{4}** This dispute, pivoting on the hierarchal relationship between R.C. 124.34, Ohio Adm.Code 124-1-03(A), and Ohio Adm.Code 124-1-03(I), involves an issue of statutory interpretation. Statutory interpretation is a matter of law. Despite the parties' focus on our standard of review reserved for factual disputes, this appeal primarily calls for a de novo standard of review. A review of the record and the applicable statutes, regulations, and caselaw supports the ruling of the SPBR. Appellee's failure to create and deliver a removal order required Appellant to file an administrative appeal within thirty days and then raise the failure of delivery of a removal order in that appeal, if this failure was applicable. Appellant did not follow this procedure. The SPBR correctly dismissed the administrative appeal because it was not timely filed, and the trial court was correct in affirming the SPBR's decision. Accordingly, we affirm the lower court's ruling.

## Background

**{5}** Appellant was employed as the Director of Facilities Management for Mahoning County. On September 14, 2005, Appellant was informed he was being removed from that position by James F. Petraglia, the County's former Human Resources Director. Petraglia told Appellant that he would be placed on administrative leave from September 14 – 15 and asked him to clean out his desk. He was then escorted from his office by two sheriff's deputies. On the following day, September 15, 2005, the Board adopted a resolution formally removing Appellant and terminating his employment. The resolution was effective as of September 15, 2005.

## Procedural History

{6}     On October 21, 2005, Appellant filed an appeal of his removal with the SPBR.  An administrative law judge ("ALJ"), was assigned to the case.

{7}     On November 22, 2005, the ALJ issued a procedural order requesting information from the parties regarding Appellant's status as a classified or unclassified employee.  The parties' responses conflicted with each other.  Appellant alleged he was a classified employee while Appellee claimed he was unclassified.  Appellee's response to the order also incorporated a motion to dismiss.  Appellee argued that the SPBR lacked jurisdiction over the issue due to Appellant's unclassified status, or, alternatively, that Appellant's administrative appeal was untimely filed.

{8}     On December 6, 2005, the ALJ issued a second procedural order, this time requesting information from the parties on the issue of the timeliness of Appellant's appeal to the SPBR.  While the ALJ acknowledged that any dispute over Appellant's classification would require a hearing, he emphasized that in order for such a hearing to go forward, Appellant must have filed a timely appeal.  The parties were cautioned that the timeliness of the appeal was controlled by Ohio Adm.Code 124-1-03(I)'s thirty-day limitations period.  The limitations period in Ohio Adm.Code 124-1-03(I) begins to run when an employee receives "notice" of his removal, as defined by Ohio Adm.Code 124-1-02 (M).  The issue to be resolved was the determination of the date Appellant received notice of his removal.

{9}     After receiving the parties' responses on January 10, 2006, the ALJ issued his recommendation to the SPBR.  The ALJ determined that Appellant received notice of his removal on September 15, 2005, and that he had 30 days after

this date, starting on September 16, 2005, to file an administrative appeal pursuant to Ohio Adm.Code 124-1-03(I). The ALJ concluded that the appeal period expired on October 17, 2005, the first working day following the thirty-day filing period. Since Appellant filed his appeal on October 21, 2005, the ALJ recommended that the SPBR dismiss Appellant's appeal because it was not timely filed.

{10} On April 3, 2006, the SPBR adopted the recommendation of the ALJ and dismissed Appellant's appeal because it was not filed within the time permitted by Ohio Adm.Code 124-1-03(I).

{11} The decision of the SPBR was further appealed to the Mahoning County Court of Common Pleas. The case was submitted to a magistrate, who affirmed the decision of the SPBR. Appellant filed objections to the magistrate's decision, and on August 3, 2009, the trial court overruled the objections and affirmed the magistrate's decision.

{12} This appeal followed on August 31, 2009.

ASSIGNMENT OF ERROR

{13} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT UPHELD AN ORDER OF THE STATE PERSONNEL BOARD OF REVIEW THAT WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH THE LAW."

{14} Appellant alleges an abuse of discretion by the court of common pleas in affirming the SPBR's decision to dismiss Appellant's administrative appeal for its untimely filing. Appellant outlines three issues for review that incorporate a combination of due process and statutory interpretation concerns.

{15} A common pleas court acts in a "limited appellate capacity" when reviewing orders of an administrative agency. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835. Dubbed a "hybrid form of review," a common pleas court determines, pursuant to R.C. 119.12, whether an agency's fact-findings are "supported by reliable, probative, and substantial evidence and [are] in accordance with the law." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 407 N.E.2d 1265. While this requires that deference be given in instances of conflicting or inconsistent evidence, a common pleas court retains the ability to reverse, vacate, or modify agency actions in the event it uncovers legally significant reasons to do so. Id.

{16} Acting in an even more limited capacity, a court of appeals can only overturn the lower court's ruling on agency fact-findings if it finds that ruling to be an abuse of discretion. See *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. The term "abuse of discretion" constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140; see also *Adulewicz v. Benjamin* (2006), 7th Dist. No. 05-JE-31, 2006-Ohio-4951, at ¶14. "An abuse of discretion 'implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 489 N.E.2d 288, quoting *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 113 N.E.2d 14.

**{17}** There seems to be little dispute over the SPBR's factual determinations in this case. Appellant was orally informed of his removal by Appellee's agent or employee on September 14, 2005. On the following day, September 15, 2005, Appellant was formally removed from his position by Appellee. On October, 21, 2005, Appellant filed an administrative appeal with the SPBR. At no point did Appellant receive a removal order from his employer.

**{18}** Based on these facts, the SPBR dismissed Appellant's administrative appeal for its untimely filing. In making his recommendation, the ALJ relied on Ohio Adm.Code 124-1-03(I).

**{19}** Ohio Adm.Code 124-1-03(I) states:

**{20}** "(I) Appeals from all other actions, including denials of reinstatement from disability separations, shall be filed, in writing, with the state personnel board of review not more than thirty calendar days after the time the appellant receives actual *notice* of the action." (Emphasis added.)

**{21}** Ohio Adm.Code 124-1-02 (M) provides the definition of "notice." The regulation reads:

**{22}** "(M) 'Notice' means the date of receipt by the employee, in writing, of the action. If the employee did not receive a written notification, then 'notice' means the date of the actual implementation of the action."

**{23}** The ALJ determined that Appellant received actual notice of his removal on September 15, 2005. Neither party disputes this conclusion. Their disagreement, instead, centers on how this notice affects the time period for filing

Appellant's administrative appeal. If Ohio Adm.Code 124-1-03(I) applies, then Appellant had 30 days after notice of his removal to file an appeal.

{24} Appellant argues that a different appeal procedure and timeline applies because he was a classified employee at the time of his removal. The removal of classified employees is governed by Ohio Adm.Code 124-1-03(A), an administrative regulation implementing R.C. 124.34. R.C. 124.34 states in pertinent part:

{25} "In case of * * * removal, except for the reduction or removal of a probationary employee, the *appointing authority shall serve the employee with a copy of the order of * * * removal*, which order shall state the reasons for the action.

{26} "Within ten days following the date on which the order is served, * * * the employee * * * may file an appeal of the order in writing with the state personnel board of review or the commission." (Emphasis added.)

{27} Ohio Adm.Code 124-1-03(A) affirms:

{28} "(A) Except as set forth below, *appeals* from "section 124.34 orders," * * * *shall be filed*, in writing, *within ten calendar days following the date the order is served* on the employee." (Emphasis added.)

{29} Unclassified employees do not enjoy similar protections. See *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 9, 406 N.E.2d 1355 ("Employees in the unclassified service do not receive [R.C. 124.34] protections afforded employees in the classified service.").

{30} Appellant claims that as a classified employee, his removal required a section 124.34 removal order. Until he received such an order, he argues, the limitations period of Ohio Adm.Code 124-1-03(A) does not begin to run, and in this

case, never began to run. Both parties agree that Appellant did not receive a section 124.34 order. Appellant argues that the determination of his classified or unclassified status should occur prior to deciding whether the 10-day or the 30-day appeal deadline applies. If he is found to be a classified employee, Appellant asserts that his appeal should be deemed timely because the 10-day appeal period has still not begun running.

**{31}** The ALJ, however, determined that a removal which takes place without a section 124.34 order, regardless of whether the terminated employee is classified or unclassified, falls under the procedure set forth in Ohio Adm.Code 124-1-03(I), and under that procedure, an appeal must be filed within 30 days. In support of this ruling, the lower court relied on the Third District's decision in *Swearingen*, supra, 3d Dist. No. 3-02-36, 2003-Ohio-1810, at ¶20. The appellant, Jeffery Swearingen, was removed from his position as the Executive Director of the Crawford County Children's Services Board ("CCCSB"). Id. at ¶3. Swearingen filed an appeal of his removal with the SPBR approximately fifteen months after his removal. The CCCSB moved to dismiss the appeal on two separate grounds: one, that the appeal was not timely filed; and two, that Swearingen was an unclassified employee. Id. The SPBR, adopting the recommendation of the administrative law judge assigned to the case, dismissed the appeal on the first ground for its untimely filing. Id. at ¶5. Both the Court of Common Pleas of Crawford County and the Third District subsequently affirmed. In *Swearingen*, the Third District notably opined that even if Swearingen had been found to be a classified employee, his administrative appeal would still have been dismissed for its untimely filing, pursuant to the thirty-

day limitations period of Ohio Adm.Code 124-1-03(I).  Regardless of the filing of a section 124.34 order, *Swearingen* held that there is a finite period of time within which administrative appeals to the SPBR must be brought.  If the appellant had received a section 124.34 order, the ten-day limitations period of Ohio Adm.Code 124-1-03(A) applied.  Since no section 124.34 order had been issued, however, the thirty-day limitations period of Ohio Adm.Code 124-1-03(I) applies.

{32}    Other caselaw supports the Third District's analysis of Ohio Adm.Code 124-1-03.  In *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 253, 431 N.E.2d 680, the appellant, Debra Shine, a deputy clerk for the Stark County Clerk of Courts, was removed from her position without a removal order.  Shine argued that without the order, she was precluded from bringing an appeal to the SPBR.  Id. at 255.  Shine based her argument on *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 229, 390 N.E.2d 782.  *Alford* held that "the right to appeal an order of removal to the civil service commission is contingent upon the appointing authority filing the order of removal with the commission."  Id. at 229.  According to *Alford*, without a section 124.34 order, no administrative appeal could go forward.

{33}    After *Alford*, however, the SPBR promulgated two regulations, Ohio Adm.Code 124-5-02 and former Ohio Adm.Code 124-1-03(D).  These regulations accounted for situations in which an employer did not provide a removal order to terminated employees.  Ohio Adm.Code 124-5-02 reads:

{34}    "If a reduction, removal or suspension is alleged and no 'section 124.34 order' has been filed with the state personnel board of review, the employee shall

prove, by a preponderance of the evidence, that the reduction, removal or suspension occurred."

**{35}** Former Ohio Adm.Code 124-1-03(D) provided:

**{36}** "If an appointing authority *fails to file an order* or provide an employee with written notice, *the affected employee shall file an appeal within thirty calendar days of the time he has actual notice of the action."* (Emphasis added.) *State ex rel. LanFranchi v. Summit Cty. Bd. of Mental Retardation and Developmental Disabilities* (1988), 46 Ohio App.3d 71, 73, 545 N.E.2d 1308.

**{37}** Both regulations contemplated a situation in which an employer terminated an employee without providing a section 124.34 order. Ohio Adm.Code 124-1-03(D) provided the limitations period within which the employee had to file his administrative appeal, and Ohio Adm.Code 124-5-02 defined the standard of proof by which the terminated employee had to prove his or her removal at the hearing on appeal.

**{38}** In light of these new regulations, *Shine*, expressly overruling *Alford*, held that the filing of a section 124.34 removal order was no longer "a jurisdictional prerequisite to the right of appeal before the [SPBR]." Id. at 256. Even if the employer failed to provide a section 124.34 removal order, employees were permitted to file an appeal of their removal to the SPBR subject to the limitations period of former Ohio Adm.Code 124-1-03(D). See also *State ex rel. Cartmell v. Dorrian* (1982), 70 Ohio St.2d 128, 130, 435 N.E.2d 1112 (per curiam) (upholding the rule announced in *Shine*); *Underwood v. St. Clairsville-Richland School Dist. Bd. of Edn.* (Mar. 4, 1985), 7th Dist. No. 84-B-11, *3 (citing *Shine* for the rule that failure to

provide removal order does not prevent limitations periods of Ohio Adm.Code 124-1-03 from running).

**{39}** We do note that Ohio Adm.Code 124-1-03 has undergone some modification since the *Shine* opinion was released. At the time *Shine* was decided, Ohio Adm.Code 124-1-03 read:

**{40}** "(A) Except as set forth below, *appeals from 'section 124.34 orders' shall be filed, in writing, not more than ten calendar days after the filing of an order* with the state personnel board of review. If a '*section 124.34* order' is received by an employee after it is filed with the state personnel board of review, the time for filing an appeal begins to run from the date of receipt by the affected employee, not from the date of filing with the state personnel board of review.

**{41}** "(B) Appeals from layoffs, job abolishments and transfers shall be filed, in writing, not more than ten calendar days after the effective date of the action.

**{42}** "(C) Appeals of all other actions shall be filed with the state personnel board of review not more than thirty calendar days after receipt, by the affected party, of written notification of the action.

**{43}** *"(D) If an appointing authority fails to file an order or provide an employee with written notice, the affected employee shall file an appeal within thirty calendar days of the time he has actual notice of the action."* (Emphasis added.) *LanFranchi*, supra, at 73.

**{44}** Today, and since at least 2002, Ohio Adm.Code 124-1-03 reads:

**{45}** "(A) Except as set forth below, *appeals from 'section 124.34 orders,'* including disability separations, *shall be filed, in writing, within ten calendar days following the date the order is served on the employee.*

**{46}** "(B) Appeals from layoffs, abolishments, and displacements shall be in writing and shall be filed with the board, or postmarked, not more than ten calendar days after receipt of the notice of the action. A copy of the notice of layoff, abolishment or displacement shall be attached to the appeal.

**{47}** "(C) Appeals of reclassifications shall be filed, in writing, within thirty calendar days after receiving the notice of the results of the audit. A copy of the audit decision letter shall be attached to the appeal.

**{48}** "(D) Appeals from transfers shall be filed, in writing, within ten calendar days after receipt of the notice of transfer from the director of the department of administrative services. A copy of the notice of transfer shall be attached to the appeal.

**{49}** "(E) Appeals from alleged reductions in pay or position which do not involve a 'section 124.34 order' shall be filed with the board, in writing, within ninety days after receipt of notice of the reduction or if no notice is given, within ninety days of the actual imposition of the reduction. The appeal time may be extended within the discretion of the board.

**{50}** "(F) Investigation requests shall be filed, in writing, within six months of knowledge of the alleged violations of Chapter 124. of the Revised Code. This time period may be extended within the discretion of the board where the violation is ongoing or there is a pattern of violation over an extended period of time.

**{51}** "(G) Appeals from disciplinary or retaliatory actions taken as a result of an employee having filed a report under section 124.341(A) of the Revised Code shall be filed, in writing, within thirty days after receiving actual notice of the disciplinary or retaliatory action.

**{52}** "(H) Appeals from actions prohibited by section 4167.13 of the Revised Code shall be filed, in writing, within sixty days after the violation occurs.

**{53}** "*(I) Appeals from all other actions,* including denials of reinstatement from disability separations, *shall be filed, in writing, with the state personnel board of review not more than thirty calendar days after the time the appellant receives actual notice of the action."* (Emphasis added.)

**{54}** The former administrative code section dealing specifically with terminations not accompanied by a removal order is now subsumed under Ohio Adm.Code 124-1-03(I), which provides a thirty-day limitations period for "all other actions" outside of those enumerated in the regulation's preceding sections. Recent caselaw confirms that Ohio Adm.Code 124-1-03(I) requires an employee to file an appeal within 30 days if a removal order is not issued. In *State ex rel. McClaran v. City of Ontario*, 119 Ohio St.3d 105, 2008-Ohio-3867, 892 N.E.2d 440, the employee was removed from his position as fire chief for the city of Ontario without a section 124.34 order. As a *city* employee, however, his appeal fell outside the authority of the SPBR. Id. at ¶31; see also *Cartmell*, 70 Ohio St.2d at 130, 435 N.E.2d 1112 (the SPBR has jurisdiction only over employees in the state classified service, comprised of *state* and *county* employees). Instead, his appeal fell within the jurisdiction of the Ontario Civil Service Commission ("OCSC"). Id. at ¶32.

**{55}** *McClaran* found that the OCSC did not have regulations analogous to Ohio Adm.Code 124-1-03 to permit the filing of an appeal even without a removal order. Absent similar OCSC regulations permitting removal without a section 124.34 order, the *McClaran* court was forced to conclude that the limitations period for McClaran's administrative appeal never began. Id. at ¶34. The reasoning in *McClaran* confirms that section Ohio Adm.Code 124-1-03 requires a state or county employee who has not received an order of removal to file an appeal within thirty days.

**{56}** Appellant argues that Appellee's failure to provide him with a section 124.34 order was a denial of due process. If he is, in fact, a classified employee he may be correct. See, e.g., *Yarosh*, 63 Ohio St.2d at 9, 406 N.E.2d 1355. The fact that there may be a due process violation inherent in his termination does not result in a determination that he filed a timely administrative appeal, however. If, as he claims, he was a classified employee at the time of his removal, his course of redress was through timely filing of an administrative appeal before the SPBR. Had he timely filed, he was free to raise his due process argument in that forum. He failed to file his appeal on time, and he is now jurisdictionally barred from raising any arguments surrounding the propriety of his termination to either the SPBR, the common pleas court or this Court, despite the possible due process concerns alleged.

**{57}** We find no abuse of discretion or error of law in the lower court's judgment. Appellant was required to file an administrative appeal within 30 days of receiving actual notice that his employment was terminated, pursuant to Ohio Adm.Code 124-1-3(I). Appellant received actual notice on September 15, 2005. He

filed an administrative appeal with the SPBR on October 21, 2005. This was more than 30 days after receiving actual notice of his removal, and for this reason, his appeal was properly dismissed. Therefore, we affirm the judgment of the Mahoning County Court of Common Pleas.

Vukovich, J., concurs.

DeGenaro, J., concurs.