OPINION
{¶ 1} Appellant, Susan Streitenberger, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review ("the board") that dismissed appellant's appeal from an allegedly forced resignation of her employment with appellee, the Ohio Department of Education ("the department"). The board found that appellant resigned her employment with the department voluntarily, not as a result of wrongful overt acts of coercion or duress.
 {¶ 2} Appellant worked for the department for over 13 years. From March 2000 until July 12, 2001, appellant held the position of Assistant Director of the Center for the Teaching Profession within the department's Office of Recruitment and Retention. In December 2000, appellant and her supervisor, Dr. Robert Hite, the Director of the department's Center for the Teaching Profession, developed a written work plan for appellant for the period December 2000 through June 30, 2001. The work plan identified work goals and standards for measuring appellant's work performance.
 {¶ 3} On July 12, 2001, appellant went to Dr. Hite's office to attend what she believed would be a routine weekly meeting. Instead, appellant was directed to go to the department's personnel office, where Dr. Hite, Dr. Nancy Eberhart, Associate Superintendent of the department, and Gretchen Green, the department's Director of Human Resources, met her. At the meeting, Dr. Hite presented appellant with a form he had prepared evaluating her job performance for the period July 1, 2000 to June 30, 2001. The evaluation indicated appellant failed to meet three of six work plan goals and failed to satisfy the work plan's performance measures. Appellant then was given the choice of immediately resigning or having her employment terminated. Appellant signed a letter of resignation that was effective immediately.
 {¶ 4} Appellant subsequently appealed to the board, contending her employment was improperly terminated. The department contended the board had no jurisdiction over the appeal because appellant resigned her employment voluntarily or, alternatively, appellant had been an unclassified employee. Neither an employee's voluntary resignation nor an appointing authority's removal of an unclassified employee are subject to the employee's appeal to the board. See R.C. 124.03; Baker v.Columbiana Cty. Auditor, Franklin App. No. 03AP-552, 2004-Ohio-839, appeal not allowed, 102 Ohio St.3d 1484,2004-Ohio-3069; Triplett v. Ohio Dept. of Rehab. Corr. (Nov. 23, 1999), Franklin App. No. 99AP-16, appeal not allowed (2000),88 Ohio St.3d 1448.
 {¶ 5} A hearing was held before an administrative law judge on March 6, 2002. Pursuant to the administrative law judge's procedural order issued on December 11, 2001, the sole issue to be determined at the hearing was whether appellant resigned voluntarily. The order stated that a separate hearing would be held to determine whether appellant was a "classified" or "unclassified" employee, but only in the event the administrative law judge found that appellant did not resign voluntarily.
 {¶ 6} On April 11, 2003, the administrative law judge issued a report finding the department could have removed appellant from her employment for work-related performance issues and thus was justified in requesting that appellant resign. The report further found that, when faced with possible removal for work-related performance issues, appellant chose to resign voluntarily from her position, not as a result of any wrongful overt acts of coercion or duress of the department. The report concluded the board lacked jurisdiction to review the matter due to appellant's voluntary resignation and recommended that appellant's appeal be dismissed. On May 29, 2003, the board issued an order adopting the report's recommendation, and it dismissed appellant's appeal.
 {¶ 7} Appellant appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court affirmed the board's order, finding it to be supported by reliable, probative and substantial evidence and in accordance with law. (Jan. 23, 2004 Decision.) Appellant then appealed to this court, assigning the following errors:
Assignment of Error No. 1
The common pleas court erred in affirming the decision of the state personnel board of review as it was not supported by reliable, probative and substantial evidence, nor was it in accordance with law, since the evidence supports the appellant's contention that her resignation was coerced.
Assignment of Error No. 2
The common pleas court erred in affirming the decision of the state personnel board of review as it was not supported by reliable, probative and substantial evidence, nor was it in accordance with law, because the administrative law judge erroneously relied on evidence of the appellant's job performance in a proceeding which the administrative law judge had previously limited to the sole issue of voluntariness of appellant's resignation obtained in the July 12, 2001 meeting with management representatives.
 {¶ 8} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrewsv. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v.Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quotingAndrews, supra. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts and is not to substitute its judgment for that of the board where some evidence supports the board's order.Harris v. Lewis (1982), 69 Ohio St.2d 577, 579; Conrad,
supra.
 {¶ 9} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's function, in part, is to determine whether the common pleas court abused its discretion. Id.; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 304. On questions of law, however, the appellate court's review is plenary. Id. at 305, citing Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 10} Appellant's two assignments of error are interrelated and will be discussed together. In the assignments of error, appellant asserts the common pleas court erred in affirming the board's decision because it is not supported by reliable, probative and substantial evidence and is not in accordance with law. Specifically, appellant contends the evidence demonstrates her resignation was coerced, not voluntary, because she did not resign of her own free will, but did so only when threatened with the alternative of immediate job termination. Appellant further contends that evidence relating to her job performance should not have been considered at the hearing because it was irrelevant and went beyond the permissible evidentiary scope in determining whether appellant's resignation was voluntary, the sole issue to be decided at the administrative hearing.
 {¶ 11} "[A] resignation is involuntary and therefore ineffective when it is the product of the appointing authority's wrongful coercion. Thus, where an employer induces the resignation as the only alternative to a removal based uponunfounded charges of misconduct, the resignation should be regarded as ineffective to deny the employee his appeal. Under those circumstances, there has not been a resignation but, rather, a removal, the merits of which the employee should be permitted to contest. This differs from a situation where anemployee is permitted to resign as an alternative to beingremoved on charges which are meritorious; in such an event, asthere is no coercion, the resignation is voluntary." Kinney v.Ohio State Dept. of Adm. Services (1984), 14 Ohio App.3d 33, 36. (Emphasis added.)
 {¶ 12} Pursuant to this court's decision in Kinney, the determination of voluntariness of an employee's resignation requires consideration whether charges of deficiencies in the employee's job performance were meritorious. After referencingKinney, the procedural order specifying how the issues would be addressed in this case stated: "[T]his case will be set down for a record hearing to determine if the Appellant actually resigned. The burden of proof will be on the Appellant, in its case in chief, to show that her resignation was precipitated by the Appellee's wrongful overt acts of coercion or duress. The Appellee will then have the burden of proof to show that there may have been a meritorious reason for her to resign as an alternative to being removed." (Dec. 11, 2001 Procedural Order, 1.)
 {¶ 13} The hearing proceeded as set forth in the procedural order. Appellant first introduced evidence regarding the circumstances surrounding her resignation, and the department then introduced evidence regarding the reason it requested appellant's resignation, namely the deficiencies in her work performance. Evidence regarding the alleged deficiencies in appellant's work performance was properly admitted and considered in accordance with Kinney, supra, to determine whether appellant voluntarily resigned as an alternative to removal based on charges that were meritorious, not unfounded. Accordingly, contrary to appellant's contention, presentation of evidence regarding appellant's work performance was within the scope of the procedural order and was in accordance with law.
 {¶ 14} In presenting evidence to show it had a meritorious reason to remove appellant from employment, the department presented Dr. Hite, who testified that he met with appellant weekly to review her progress under her work plan, and during the meetings he communicated to appellant concerns regarding her work performance. He further testified the subjects discussed with appellant included appellant's need to communicate more thoroughly with her staff, her lack of progress in developing a teacher recruitment and retention plan, and her lack of progress in developing a report on the supply and demand for teaching professionals in Ohio. Dr. Hite stated that although he informed appellant of expectations and the need for timeliness relating to her work plan goals, appellant failed to meet three of her six work plan goals. According to Dr. Hite, he met with appellant prior to her resignation and expressed his disagreement with her selfassessment of her work performance, wherein appellant indicated she was on target for meeting five of her six work plan goals.
 {¶ 15} In addition to the foregoing evidence, the department presented evidence that appellant specifically failed to meet June 30, 2001 deadlines for completion of (1) a teacher recruitment and retention plan, and (2) the report on supply and demand for Ohio teaching professionals, which the department considered a high priority and which Dr. Susan Zellman, the department's superintendent, promised to deliver to the State Board of Education. Evidence was also presented that appellant had the lead role in submitting an application for a federal grant for the purpose of enhancing teacher recruitment and retention efforts. Appellant, however, did not timely pursue the application, and the department did not receive the grant, ranking 39 out of 40 submissions. Dr. Hite, Dr. Eberhart, and Dr. Zellman all concluded that appellant's work performance was unsatisfactory, and that her employment should be terminated.
 {¶ 16} Appellant testified that she was "surprised" and felt "intimidated" and "devastated," but was not physically threatened or on any medications when she was given the choice of resigning or being removed from her employment. Contrary to appellant's contention that her resignation was involuntary because it was submitted under a threat of termination, "to have to choose between resigning or being fired `* * * may constitute an unpleasant choice, but absent other compelling circumstances that instance can hardly be viewed as constituting duress'" or a wrongful overt act of coercion. Maust v. Bank One, ColumbusN.A. (1992), 83 Ohio App.3d 103, 109, quoting Romoser v. AmweldBldg. Products, Inc. (Feb. 15, 1991), Trumbull App. No. 89-T-4307; Kinney, supra.
 {¶ 17} Based on the record evidence, the common pleas court did not abuse its discretion in determining that the board's order, finding that appellant voluntarily resigned her employment rather than be removed for unsatisfactory job performance, is supported by reliable, probative and substantial evidence and is in accordance with law. As a result, the common pleas court did not err in affirming the board's order dismissing appellant's appeal.
 {¶ 18} Accordingly, appellant's two assignments of error are overruled, and the judgment of the common pleas court affirming the board's order is affirmed.
Judgment affirmed.
Lazarus, P.J., and Bowman, J., concur.