[Cite as *Kyle v. Ohio State Univ.*, 2014-Ohio-2143.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Paul Kyle, :

     Appellant-Appellant/ :
     Cross-Appellee,

                    :            No. 13AP-603
v.                           (C.P.C. No. 12CVF02-2389)

                    :
The Ohio State University,            (REGULAR CALENDAR)

                    :
     Appellee-Appellee/
     Cross-Appellant. :

---

D E C I S I O N

Rendered on May 20, 2014

---

*James J. Leo*, for appellant/cross-appellee.

*Michael DeWine*, Attorney General, *Rory P. Callahan* and *Amanda L. Scheeser,* for appellee/cross-appellant.

---

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  In this R.C. Chapter 119 appeal, appellant, Paul Kyle ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court (1) reversed an order of the State Personnel Board of Review ("SPBR") dismissing for lack of jurisdiction appellant's administrative appeal of an alleged removal from employment, and (2) remanded the matter to the SPBR for further proceedings. Appellant's former employer and appellee herein, The Ohio State University ("OSU"), has cross-appealed.

{¶ 2}  We overrule appellant's assignment of error because it is not yet ripe for judicial review pursuant to R.C. Chapter 119. We sustain OSU's cross-assignment of error only to the extent that we vacate the common pleas court determination that appellant voluntarily resigned his position because this must be determined in the first instance by

the SPBR, in light of the totality of the circumstances. Therefore, we remand this case to the SPBR to determine whether appellant voluntarily resigned his position and, therefore, whether SPBR has jurisdiction to further consider appellant's claims. If SPBR determines that it does have jurisdiction, then it shall consider whether appellant's termination was improper and, if so, if appellant is entitled to reinstatement and back pay as he requests.

{¶ 3} We therefore affirm in part and reverse in part the judgment of the common pleas court and remand this case to that court with instructions that it remand the matter to the SPBR to further consider the issues as outlined above.

## I. Facts

{¶ 4} The facts for purposes of this appeal are found in the record of proceedings certified by the SPBR to the common pleas court pursuant to R.C. 119.12. That record reveals that appellant initiated the administrative proceedings on December 9, 2011, by filing with the SPBR a notice of an administrative appeal from what he alleged to be an "Order or Notice of Removal which was received on * * * 11/21/2011 and which was effective on * * * 11/21/2011." (Dec. 12, 2011 Notice of Appeal.) The notice of appeal identified OSU as the appellee agency. Appellant also attached to his SPBR notice of appeal a copy of a letter ("termination letter") signed by an OSU human resources employee, Tom Ramey. The termination letter, which was addressed to appellant and dated November 21, 2011, reads in part as follows:

> This letter will serve as notice that you are hereby removed from your position of Perioperative Patient Care Tech and terminated from the Ohio State University Medical Center effective November 21, 2011. This action is based on your demonstration of unsatisfactory performance. Please note that you are ineligible for rehire at the Ohio State University Medical Center.

{¶ 5} The remainder of the termination letter advised appellant of his options to (1) convert his long-term disability coverage into a group disability policy "31 days from the date of [his] termination from the Medical Center," and (2) continue health benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") "due to the termination of employment and loss of health benefits through the university." (Nov. 21, 2011 termination letter.) The termination letter advised appellant where to obtain further information relative to those options.

{¶ 6}   On December 21, 2011, the SPBR formally notified OSU of the filing of appellant's administrative appeal.   On December 27, 2011 (less than three weeks after appellant had filed the notice of appeal and less than one week after the SPBR notified OSU of the appeal), an SPBR administrative law judge ("ALJ") issued a summary report and recommendation, which provided in its entirety, as follows:

> REPORT AND RECOMMENDATION
>
> To the Honorable State Personnel Board of Review:
>
> This matter came on for consideration December 27, 2011. On December 9, 2011, Appellant filed an appeal of his removal from employment with Appellee.  Information provided by Appellant in his notice of appeal indicated that Appellant received notice of his removal on November 21, 2011.
>
> I find that the State Personnel Board of Review is without jurisdiction to hear this appeal because it was not filed within ten (10) calendar days following the date on which the order of removal was served on the employee, as required by Ohio Revised Code Section 124.34 and Ohio Administrative Code Section 124-1-03(A).
>
> Therefore, I respectfully **RECOMMEND** that this appeal be **DISMISSED**.

 (Emphasis sic.)

{¶ 7}   On December 29, 2011, appellant filed objections to the ALJ's report and recommendation, arguing that the ALJ had incorrectly determined that his appeal was untimely filed.   He argued that the ALJ had erroneously concluded that his appeal was subject to the ten-day filing deadline established in Ohio Adm.Code 124-1-03(A) because OSU had failed to provide him with a legally cognizable removal order. *See* Ohio Adm.Code 124-3-01(A).[1]   He contended that he was instead subject to a 90-day time period in which to appeal, pursuant to Ohio Adm.Code 124-1-03(E), which provides:

---

[1] As relevant herein, Ohio Adm.Code 124-3-01, titled "Requirements of section 124.34 orders" provides:

> "Section 124.34 orders" * * * may be affirmed only if each of the following criteria are satisfied:
>
> (1) The copy of the order served on the employee shall bear the original signature of the appointing authority and the date of signature. * * *

> Appeals from alleged reductions in pay or position which do not involve a "section 124.34 order" shall be filed within ninety days after receipt of notice of the reduction or, *if no notice is given, within ninety days of the actual imposition of the reduction.* The appeal time may be extended within the discretion of the board.

(Emphasis added.)

{¶ 8} In his objections to the ALJ report and recommendations, appellant noted that he had filed his SPBR notice of appeal well within 90 days from November 21, 2011, the date he received the termination letter. In addition, appellant attached to his objections his affidavit that asserted the following: he had been employed with OSU as a perioperative patient care tech in the classified civil service; he received the November 21, 2011 termination letter on November 21, 2011; right after receiving the "termination letter," he was told that he could resign or be escorted out of the building; and, approximately 30 minutes later, he gave OSU a handwritten letter of resignation that stated: "Please accept my resignation as anesthesia technician effective today, November 21, 2011."

{¶ 9} Appellant thereafter received another letter from OSU human resources officer Ramey, dated November 21, 2011, stating that his resignation had been accepted. The letter reads, as follows:

> This letter is to confirm that we have accepted your resignation from Anesthesia, UHE, effective November 21, 2011. Please note that you are ineligible for rehire at The Ohio State University Medical Center.

{¶ 10} Based on the facts asserted in the affidavit, appellant argued to the SPBR that he (1) had been a classified civil service employee, (2) had not been issued an R.C. 124.34 order concerning his termination, and (3) "since [he] did not receive an R.C. 124.34 Order, he had 90 days from receipt of the termination letter to file his appeal." (Dec. 29, 2011 Objections, 2.) He further anticipated, and countered, an argument he expected OSU to make, i.e., that the SPBR lacked jurisdiction of the appeal not because it

---

* * *

> (3) The order shows, on its face, a list of particulars which form the basis for the order[.]

was untimely but because appellant had quit his employment, rather than been removed by OSU. Appellant asserted that "a person cannot quit *after* he has already been fired." (Emphasis sic.) (Objections, 3.) He sought relief in the form of reinstatement to his position unless and until OSU served a "proper R.C. 124.34 Order" upon him. (Objections 3-4.) The following day he amended his objections to clarify that he sought relief not only in the form of reinstatement but also an award of "full back pay and back benefits covering the period of his wrongful termination." (Dec. 30, 2011 Amended Objections.)

{¶ 11} OSU filed a written response to appellant's objections. In its response, OSU did not address appellant's assertion that his appeal was subject to the 90-day limitation period set forth in Ohio Adm.Code 124-1-03(E), rather than the 10-day limitation set forth in Ohio Adm.Code 124-1-03(A). Rather, OSU requested that "the Board accept the [ALJ's] recommendation to dismiss the instant appeal, albeit for different reasons in addition to those in the recommendation." (Jan. 9, 2012 Response to Objections, 1.)

{¶ 12} Consistent with appellant's expectation, OSU argued that, "even assuming Appellant filed his notice of appeal within the applicable limitations period, the Board should nonetheless dismiss Appellant's appeal and related requests because he resigned from his position at OSU, precluding the Board from asserting jurisdiction over his appeal pursuant to R.C. 124.34." (Response to Objections, 1.) OSU cited *In re Disher*, 12th Dist. No. CA90-12-087 (July 22, 1991), for the proposition that R.C. 124.34 does not vest the SPBR with jurisdiction to consider the appeal of classified employees who voluntarily resign. (Response to Objections, 2.) OSU further argued that case law has established that "merely allowing an employee to resign in lieu of termination, without other evidence of coercion, does not render the resignation involuntary," citing *Kinney v. Ohio Dept. of Admin. Servs.*, 14 Ohio App.3d 33 (10th Dist.1984). (Response to Objections, 1.)

{¶ 13} As previously noted, the SPBR adopted the ALJ's recommendation and ordered the appeal dismissed "for lack of jurisdiction." (Feb. 17, 2012 Order.) The SPBR did not overtly address OSU's suggestion that appellant had quit rather than been fired and, because the SPBR adopted the ALJ's report and recommendation, it appears the basis for the SPBR's dismissal of the appeal was that appellant had not timely filed his removal appeal. In any event, it is clear from the record that the parties did not produce

additional evidence concerning the merit of OSU's allegation in the November 21, 2011 termination letter that appellant had not satisfactorily performed his job duties.

{¶ 14} Appellant then appealed the SPBR's order to the Franklin County Court of Common Pleas, pursuant to R.C. Chapter 119 and 124.34. The common pleas court concluded that the disputed issues concerned the application of Ohio statutes and administrative rules to undisputed facts. It found that the SPBR had incorrectly determined that it lacked subject-matter jurisdiction.

{¶ 15} The court first determined that OSU had not issued an R.C. 124.34 order of removal, noting that "at the very least, the [November 21 letter] lack[ed] a list of particulars which form the basis of the order" and an "original signature of the appointing authority." (July 1, 2013 Decision and Entry, 5-6.) It concluded that the filing deadline for the appeal was therefore not the ten-day period established in Ohio Adm.Code 124-1-03(A). It found that the filing deadline was instead the 30-day period established in Ohio Adm.Code 124-1-03(I).[2] The court cited in support *Malagisi v. Bd. of Mahoning Cty. Commrs.*, 7th Dist. No. 09 MA 150, 2011-Ohio-1464, a case it described as being "on all fours."[3] (July 1, 2013 Decision and Entry, 7.) It found that the parties were not in disagreement that appellant had filed his appeal from removal on the 21st day after receiving the termination letter, within the 30-day appeal period, and that the SPBR erred when it dismissed the appeal on the basis of the appeal having been untimely filed. *Id.*

{¶ 16} The court proceeded to discuss the merits of OSU's contention that appellant had voluntarily resigned so as to preclude appeal to the SPBR. The court rejected that premise, focusing on the text of the November 21, 2o11 termination letter. The court observed that the termination letter spoke entirely in the present tense ("you are hereby removed * * * and terminated"). The court observed that the language of the termination letter was inconsistent with OSU's contention that appellant had deliberately and voluntarily chosen to resign.

---

[2] Ohio Adm.Code 124-1-03(I) provides:

> Appeals from all other actions, including denials of reinstatement from disability separations, shall be filed, in writing, with the state personnel board of review not more than thirty calendar days after the time the appellant receives actual notice of the action.

[3] In *Malagisi,* the court held that a classified employee who is terminated, but not given a formal R.C. 124.34 removal order, has 30 days from the time the employee is given actual notice of his removal to file a notice of appeal with the SPBR.

{¶ 17} The court also discussed, and rejected, appellant's contention that it should immediately order appellant's reinstatement with back pay and benefits, finding that request to be "premature at this time." (July 1, 2013 Decision, 8.)   The court observed that the Supreme Court of Ohio has held that the lack of an R.C. 124.34 order does not render a termination invalid or, in and of itself, require immediate reinstatement to the former position, citing *State ex rel. Shine v. Garofalo*, 69 Ohio St.2d 253 (1982).

{¶ 18} Based on the foregoing reasoning, the court concluded, inter alia, that the SPBR order of dismissal was not in accordance with applicable law and "SPBR is obligated to accept jurisdiction and to conduct a merits review of [a]ppellant's appeal for removal." (July 1, 2013 Decision, 8.) Accordingly, the court reversed the SPBR order dismissing appellant's administrative appeal, remanded the matter to the SPBR, and specifically instructed "that this matter be further investigated by SPBR."  (July 1, 2013 Decision, 9.)

{¶ 19} Appellant appeals from the common pleas court's judgment, assigning the following error for this court's review:

> The lower court found that OSU was required[4] but failed to issue an R.C. 124.34 order; but it incorrectly remanded the case to the personnel board of review for a merits review to determine if [appellant] had been improperly removed before reinstating him and issuing back awards, when, in fact, a failure to issue an R.C. 124.34 order is, in itself, an improper removal and requires that the appointing authority automatically reinstate the employee with back awards.

{¶ 20} In its cross-appeal, OSU asserts the following assignment of error:

> The Court of Common Pleas erred as a matter of law in holding that the record in this case, as presented by [appellant's] appeal to the State Personnel Board of Review, do[es] not constitute a voluntary resignation justifying dismissal of his appeal and this case.

## II.  Analysis

{¶ 21} We begin by noting that neither party challenges the common pleas court's conclusion, consistent with the decision of the Seventh District Court of Appeals in

---

[4] We note that the common pleas court did not make an express finding that OSU was required to issue an R.C. 124.34 order.

*Malagisi*, that appellant timely filed his administrative appeal in the SPBR pursuant to Ohio Adm.Code 124-1-03(I). Therefore, regarding the timeliness of the administrative appeal, there is no dispute that the SPBR has jurisdiction. The inquiry regarding jurisdiction, however, does not end there. As OSU has raised in its cross-assignment of error, whether appellant voluntarily resigned his position also must be considered to determine whether SPBR has jurisdiction. With this in mind, we will address OSU's cross-assignment of error first.

{¶ 22} The common pleas court began its discussion of whether appellant voluntarily resigned by noting that a finding regarding the same "is not included as a basis of SPBR's Order of dismissal." (July 1, 2013 Decision, 8.) The court then rejected OSU's argument that the uncontested facts demonstrate that appellant voluntarily resigned. The court found persuasive appellant's arguments that a "terminated and removed employee cannot subsequently be asked to resign" and "that such a resignation, even if in writing, is a nullity and in the alternative, constitutes the ultimate form of duress." (Decision, 8.) The court distinguished the facts of this case from the facts in *Streitenberger v. Ohio Dept. of Edn.*, 10th Dist. No. 04AP-342, 2004-Ohio-5549, ¶ 3, where the appellant in that case was given the choice of immediately resigning or having her employment terminated in the future. On these grounds, the court concluded that SPBR is obligated to accept jurisdiction and to conduct a merits review of appellant's appeal for removal.

{¶ 23} The record reveals that at no time before the ALJ was there a hearing or an opportunity for hearing on the merits on the issue of whether appellant voluntarily resigned or was terminated. Along with his objections to the ALJ's recommendation, appellant filed an affidavit averring that he was terminated. However, the SPBR did not hold a hearing or make a factual determination on the issue.

{¶ 24} This court has recognized that the SPBR is a specialized administrative agency with expertise in employment issues. *Berning v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-837, 2012-Ohio-2991, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260 (1988). It is appropriate that the SPBR, in the first instance, utilize its expertise in reviewing the totality of the circumstances concerning appellant's choice to sign a letter of resignation. This is consistent with the responsibility of a common pleas court in an R.C. Chapter 119 appeal of an SPBR order to "give due

deference to the administrative agency's resolution of evidentiary conflicts and * * * not to substitute its judgment for that of the board where some evidence supports the board's order." *Streitenberger* at ¶ 8. Furthermore, "[b]efore an order is appealable, pursuant to R.C. 119.12, it is necessary that the order be issued pursuant to an adjudication which is defined by R.C. 119.01(D) as 'the determination * * * of the rights, duties, privileges, benefits or legal relationships of a specified person.' " *Carl v. Koehler*, 10th Dist. No. 77AP-377 (Sept. 6, 1977).

{¶ 25} No such adjudication, regarding whether appellant voluntarily resigned his position, has yet been made by the SPBR in this case. Hence, there was no subject-matter jurisdiction in the common pleas court, nor in this court, to address this issue. The trial court had authority to decide only the question of the timeliness of the administrative appeal, as this was the only issue upon which the SPBR ruled. The court prematurely considered the issue of whether appellant voluntarily resigned or was terminated. It should have remanded the case to the SPBR for the parties to present and the SPBR to consider evidence on this issue. *Biehle v. Pendleton*, 10th Dist. No. 81AP-744 (Apr. 20, 1982). Therefore, to this extent, we sustain the cross-assignment of error and remand to the SPBR for consideration of evidence and determination regarding whether appellant voluntarily resigned or was terminated.

{¶ 26} Having determined OSU's cross-assignment of error, we turn to review of appellant's assignment of error. Appellant argues therein that the trial court should have ordered OSU to reinstate him with back pay upon finding that OSU had failed to issue an R.C. 124.34 removal order. We disagree.

{¶ 27} OSU argues that appellant was served with the termination letter, as opposed to an R.C. 124.34 order, because he was an unclassified administrative and professional employee.[5] If, on remand, the SPBR determines that it has jurisdiction in this

---

[5] Appellant argues that he set forth the fact that he was a classified employee in his objections to the ALJ's order and that OSU never contested this fact. However, no express finding was made in this regard, and now we affirm the common pleas court ruling that the order must be reversed and vacated. Appellant also states that the common pleas court "found" that appellant was a classified employee. To the contrary, the common pleas court stated: "The record and briefs in this matter reflect that *for purposes of the gateway issue of jurisdiction only,* Appellee does not dispute that Appellant is a classified civil servant." (Emphasis added.) (July 1, 2013 Decision, 5.) Qualifying its statement in this regard, the common pleas court may have taken note of OSU's statements in footnotes 1 and 3 of its brief before the court that, "*[a]ssuming, for the sake of argument,* that Mr. Kyle was a classified employee and had been removed from employment without being served with an order of removal under R.C. § 124.34, then he would have had thirty (30) days to file an

case, it must then consider the merits—including whether appellant's termination was improper, and, if so, if appellant is entitled to reinstatement and back pay as he requests. Although appellant concedes that OSU failed to issue an R.C. 124.34 order, neither SPBR nor the common pleas court has determined whether the termination was otherwise in accordance with law. Nevertheless, in his assignment of error, appellant urges this court to determine that he is entitled to immediate reinstatement and an award of back pay based on the trial court's conclusion that OSU's November 21, 2011 termination letter did not satisfy the requirements of a removal order as set forth in Ohio Adm.Code 124-3-01. This assignment of error lacks merit. The common pleas court correctly found that it would be premature for it to determine issues concerning the appropriate remedy available to appellant, as SPBR has not yet determined that his removal was improper.

{¶ 28} As recognized by the common pleas court, appellant's suggestion that he is entitled to immediate reinstatement and back pay is precluded by *State ex rel. Shine v. Garofalo*, 69 Ohio St.2d 253 (1981). We acknowledge that, in earlier cases, including *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 229 (1979), the Supreme Court of Ohio determined that the filing of an R.C. 124.34 removal order was a jurisdictional prerequisite to the exercise of jurisdiction of the SPBR and that a court could in those circumstances issue relief in mandamus in the form of reinstatement and back pay for improper de facto removal from employment.

{¶ 29} In *Shine,* however, the Supreme Court expressly overruled *Alford,* holding that the SPBR has jurisdiction to determine a timely appeal of a de facto removal from classified employment implemented in the absence of an R.C. 124.34 order and that an employee arguing de facto removal therefore has an adequate remedy at law by appeal to the SPBR, precluding issuance of the extraordinary writ of mandamus. Accordingly, *Shine* establishes that an employee lacks a clear legal right to reinstatement and back pay pending final resolution of the SPBR's exercise of that jurisdiction. *Accord State ex rel. Cartmell v. Dorrian*, 70 Ohio St.2d 128, 129-30 (1982) (recognizing that, at the time of a de facto termination in which no removal order had been issued, the employee's remedy was through appeal to the SPBR, rather than through an action in mandamus).

---

appeal with SPBR," and "OSU has not waived the issue of whether or not Mr. Kyle is classified." (Emphasis added.) (Appellee's April 20, 2012 trial court brief, fn. 1, 3.) At this time, we take no position as to whether appellant was a classified or unclassified employee.

{¶ 30} Finally, "[i]t has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 10th Dist. No. 12AP-487, 2013-Ohio-3260, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970), citing *Miner v. Witt*, 82 Ohio St. 237 (1910). It is appropriate for this court, at this time, to exercise such restraint.

{¶ 31} Applying these principles to the case before us, we conclude that consideration of appellant's demand for reinstatement and an award of back pay is not appropriate at this time unless and until the SPBR determines on remand both that it has subject-matter jurisdiction and that appellant's termination was improper.

{¶ 32} Accordingly, we overrule appellant's sole assignment of error.

## III. Conclusion

{¶ 33} Accordingly, we overrule appellant's assignment of error. We sustain OSU's cross-assignment of error to the extent that we vacate the common pleas court determination that appellant voluntarily resigned his position because this must be determined in the first instance by the SPBR. We remand this case for the SPBR to determine whether appellant voluntarily resigned his position and, therefore, whether SPBR has jurisdiction to further consider appellant's claims. If SPBR determines that it does have jurisdiction, then it shall consider whether appellant's termination was improper and, if so, if appellant is entitled to reinstatement and back pay.

*Judgment affirmed in part, reversed in part,*
*and cause remanded with instructions.*

SADLER, P.J., and McCORMAC, J., concur.

McCORMAC, J., retired, of the Tenth Appellate District,
assigned to active duty under the authority of the Ohio
Constitution, Article IV, Section 6(C).

_____